**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **Taylor Carrizales** | ) | |
| | ) | CASE NO: 1:23-cv-3179 |
| Plaintiff, | ) | |
| | ) | JUDGE: |
| vs. | ) | |
| | ) | **COMPLAINT** |
| **The Prudential Insurance Company of America** | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Taylor Carrizales for her complaint against Defendant The Prudential Insurance Company of America, states as follows:

### JURISDICTION & VENUE

1. Plaintiff Taylor Carrizales ("Plaintiff") is a covered participant as a sponsored employee through the HCA Healthcare Group Long Term Disability Plan ("LTD Plan").

2. Plaintiff is a resident of Arapahoe County, Colorado.

3. The Colorado Division of Insurance authorizes The Prudential Insurance Company of America ("Defendant") to conduct business in the State of Colorado.

4. The LTD Plan is an ERISA governed Plan as defined in 29 U.S.C. § 1002, *et seq*.

5. Plaintiff asserts her claim under ERISA §502(a)(1)(B).

6. Plaintiff has standing pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. §1132(a)(1)(B)) and states that benefits under the LTD Plan have been wrongfully withheld, that her rights have therefore been wrongfully denied and that benefits have not been paid because of Defendant's actions.

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively,

or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) & (21). Here, upon information and belief, Defendant serves as both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits.

8. Pursuant to 29 U.S.C. § 1132(e)(2), venue in an ERISA action is proper where the breach took place.

9. The LTD Plan was administered in Arapahoe County, Colorado.

10. Venue, therefore, is proper in the District of Colorado.

11. Plaintiff has exhausted all appeals and has received a final Long Term Disability ("LTD") denial letter dated November 20, 2023.

## COUNT ONE - ERISA
### (Long Term Disability Plan)

12. Plaintiff reaffirms and re-alleges the allegations in the preceding paragraphs as if fully rewritten herein.

13. At all times relevant, Plaintiff worked for Sky Ridge Medical Center in Colorado.

14. Plaintiff had worked at Sky Ridge Medical Center without issue until contracting the COVID-19 virus, which left her with a myriad of post-acute sequelae of SARS CoV-2 symptoms.

15. On March 16, 2020, Plaintiff ceased working due to her various medical problems and after receiving the maximum duration of Short Term Disability benefits, applied for LTD benefits.

16. On January 12, 2021, Plaintiff received a letter from the Defendant, indicating that her LTD claim was denied.

17. Plaintiff appealed Defendant's decision to deny LTD benefits on March 22, 2021.

18. Just seven days later, Defendant upheld its LTD denial in a written letter dated March 29, 2021.

19. Defendant violated 29 CFR § 2560.503-1(h)(4)(i)-(ii) by not providing Plaintiff with new evidence and/or rationale and allowing her a reasonable time to review and respond before issuing its March 29, 2021 LTD denial letter.

20. In its March 29, 2021 LTD denial letter, Defendant offered Plaintiff a voluntary appeal opportunity.

21. On November 12, 2021, Plaintiff filed her Second Notice of Appeal.

22. On March 7, 2022, complying with 29 CFR § 2560.503-1(h)(4)(i)-(ii), Defendant proffered Plaintiff with new evidence and/or rationale allowing her time to review and respond.

23. Plaintiff responded on May 5, 2022.

24. In a June 1, 2022, partially adverse decision, Defendant found Plaintiff disabled from her date of disability through October 31, 2021, but not thereafter.

25. In its June 1, 2022, partially adverse decision, Defendant provided Plaintiff ERISA administrative appeal rights.

26. Plaintiff filed her Third Notice of Appeal on August 1, 2022.

27. On October 6, 2022, complying with 29 CFR § 2560.503-1(h)(4)(i)-(ii), Defendant proffered Plaintiff with new evidence and/or rationale allowing her time to review and respond.

28. Plaintiff responded on December 28, 2022.

29. On January 12, 2023, complying with 29 CFR § 2560.503-1(h)(4)(i)-(ii), Defendant proffered Plaintiff with new evidence and/or rationale allowing her time to review and

respond.

30.    Plaintiff responded on April 24, 2023.

31.    Defendant denied Plaintiff's appeal in a letter dated May 2, 2023.

32.    In its May 2, 2023, LTD denial letter, Defendant offered Plaintiff a voluntary appeal opportunity.

33.    Plaintiff filed her Fourth Notice of Appeal on October 17, 2023.

34.    Defendant issued a final LTD denial on November 20, 2023.

35.    Defendant violated 29 CFR § 2560.503-1(h)(4)(i)-(ii) by not providing Plaintiff with new evidence and/or rationale allowing her a reasonable time to review and respond before issuing its November 20, 2023 final LTD denial.

36.    Plaintiff has provided Defendant with substantive, credible evidence that she was totally disabled because of her medical problems, has performed all conditions required of her under the LTD Plan, and has been and is entitled to LTD benefits under the LTD Plan.

37.    Defendant has wrongfully, and/or arbitrarily and capriciously, refused to pay Plaintiff's LTD benefits in violation of the terms of the LTD Plan, and in violation of 29 U.S.C. 1132(a) et seq.

38.    As a direct and proximate result of the above-referenced decision to deny benefits, Plaintiff has suffered the loss of benefits to which she has been and is entitled, and has incurred expenses in appealing the wrongful, arbitrary, and capricious denial.

WHEREFORE, Plaintiff prays as follows:

A.    Pursuant to 29 CFR § 2560.503-1(l)(2)(i), Defendants failed to establish and follow a reasonable claim procedure by violating 29 CFR § 2560.503-1(h)(4)(i)-(ii). Thus, in addition to Colorado's ban on discretionary clauses, Plaintiff's lawsuit is entitled to

review under the less deferential *de novo* standard of review regardless of whether the LTD Plan contained a grant of discretion pursuant to 29 CFR § 2560.503-1(l)(2)(i);

B.    That Plaintiff has the right to receive LTD benefits pursuant to the terms and conditions set forth in the LTD Plan;

C.    That Defendant reinstate Plaintiff, pay any arrearage owed, and pay ongoing LTD benefits to him;

D.    That all of Plaintiff's rights under the LTD Plan be honored;

E.    That Plaintiff is entitled to receive future benefits under the LTD Plan so long as he remains totally disabled and performs all conditions required of him pursuant to the LTD Plan;

F.    That Plaintiff is entitled to all additional or associated benefits as a result of being found disabled and that same be reinstated;

G.    That Plaintiff be awarded pre-judgment and post-judgment interest, costs, and reasonable attorney fees as determined by the Court, and for all other relief in law or equity to which he is entitled; and

H.    That Plaintiff be permitted to conduct discovery due to Defendant's bias as the payor and decision-maker of Plaintiff's claim for LTD benefits.

Respectfully submitted,


*/s/Andrew November*
Andrew November (Ohio ID: 85018)
Liner Legal, LLC
4269 Pearl Road, Suite 104
Cleveland, Ohio 44109
T: (216) 455-7407
F: (216) 455-7400
anovember@linerlegal.com

*Attorney for Taylor Carrizales*